IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-00274-FL

| | |
|---|---|
| ANTHONY LEE MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| S.C. HICKS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This cause comes before the Court upon Plaintiff's pro se application to proceed *in forma pauperis*. (DE-1). Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. However, for the reasons that follow, the undersigned recommends that Plaintiff's complaint be found insufficient to survive review.

Plaintiff is a well-known litigant in this Court who "has filed more than a dozen actions in this court, the majority of which have been dismissed as frivolous." McNair v. Tarboro Dist. Atty's Office, No. 5:11-CV-122-FL, 2011 U.S. Dist. LEXIS 46922, at *1 n.1 (E.D.N.C. May 2, 2011) (unpublished) (collecting cases). As a result, Plaintiff is now under a pre-filing injunction in this district enjoining him from filing any suit seeking monetary damages for constitutional violations with respect to state court convictions that have not been invalidated as required by Heck v. Humphrey, 512 U.S. 477 (1994), or any suit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge could instead have been brought within those proceedings.

Plaintiff's instant complaint is devoid of factual allegations. Plaintiff states only that he is seeking monetary damages and that "the defendants . . . conspired in violat[ion of] the 4th amendment seize [sic] clause." Compl. 2, DE-1-1. Plaintiff has attached a copy of the pre-filing injunction to his complaint as required by the order of this Court. As no factual allegations are set forth in the complaint, it is impossible to discern whether Plaintiff's suit involves a constitutional challenge to state court criminal proceedings or otherwise violates the pre-filing injunction. For this reason, the undersigned will not recommend that sanctions be imposed for Plaintiff's failure to comply with the pre-filing injunction. However, the undersigned recommends that the complaint be dismissed as frivolous.

When a plaintiff seeks to proceed *in forma pauperis* in a civil action, the court must review the complaint and dismiss any case that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see also* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Here, Plaintiff alleges that Defendants "conspired in violat[ion of] the 4th amendment seize [sic] clause."[1] Plaintiff offers no facts, however, to support his legal conclusion that Defendant conspired to violate his rights under the Fourth Amendment. As such, the complaint sets forth nothing more than "labels and conclusions." Giarratano, 521 F.3d at 304 n.5. Because he articulates no set of facts stating a cognizable claim, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

For these reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* (DE-1) be GRANTED, but that his complaint be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, December 20, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

---

1. By "seize" the undersigned assumes that Plaintiff means "seizure."